# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

JIVON BROWN,

    Petitioner,

    v.

                            Civil Action No.:  ELH-22-1894

RONALD WEBER, WARDEN, and
ATTORNEY GENERAL OF MARYLAND

    Respondents.

## MEMORANDUM AND ORDER

THIS MATTER is before the Court on a "Motion for Reconsideration of Denial of Habeas Corpus" (ECF 18, "Motion for Reconsideration") and "Motion for Summary Judgment Based on the Castle Doctrine and Self-Defense" (ECF 22, "Motion for Summary Judgment"), filed by Petitioner, Jivon Brown. Brown has also submitted his Declaration.  ECF 18-1.  In sum, he claims that he acted in self-defense and in defense of others when he shot Darryl Owens Jr.  ECF 18-1.

Where, as here, a judgment has been entered in a case (ECF 17), a party can seek relief from the operation of a final judgment under Rule 59(e) of the Federal Rules of Civil Procedure ("Fed. R. Civ. P.") or Fed. R. Civ. P. 60(b). Accordingly, Mr. Brown's motion for summary

judgment[1] is construed as a supplemental memorandum in support of his Motion for Reconsideration under Rule 59(e).[2]

On April 8, 2025, the Court issued a Memorandum Opinion and Order, dismissing Mr. Brown's Petition for Writ of Habeas Corpus. ECF 16, ECF 17. The Court found, *inter alia*, that his claims lacked merit. *Id.* The Court also found that Mr. Brown failed to show that his counsel was ineffective for failing to request a jury instruction concerning the "castle doctrine." *Id.* at 18-20. For the following reasons, Mr. Brown's Motion for Reconsideration is DENIED.

Fed. R. Civ. P. 59(e) allows a party to move the court to "alter or amend a judgment [within] 28 days after the entry of the judgment." But, relief under Rule 59(e) has been described as "an extraordinary remedy which should be used sparingly." *Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co.,* 148 F.3d 396, 403 (4th Cir. 1998) (quoting § 2810.1, Grounds for Amendment or Alteration of Judgment, 11 Fed. Prac. & Proc. Civ. § 2810.1 (3d ed.)). Generally, a court may grant a Rule 59(e) motion only if "the movant shows either (1) an intervening change in the controlling law, (2) new evidence that was not [previously] available ..., or (3) that there has been a clear error of law or a manifest injustice." *Robinson v. Wix Filtration Corp.*, 599 F.3d 403, 407 (4th Cir. 2010) (citing *Ingle ex rel. Estate of Ingle v. Yelton*, 439 F.3d 191, 197 (4th Cir. 2006)).

---

[1] To the extent Mr. Brown's Motion for Summary Judgment includes a request for this Court to determine appropriate monetary damages against unspecified parties, that relief is not available. *See* ECF 22 at 7. Claims for damages that effectively impugn criminal convictions that have not been overturned or otherwise invalidated are not cognizable as civil rights claims filed pursuant to 42 U.S.C. § 1983. *See Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994); *see also Clayton v. Johnson*, 2025 WL 1303950 (4th Cir. May 6, 2025) (per curiam).

[2] Mr. Brown's motion was filed within 28 days of the entry of the Court's Memorandum Opinion and Order and is therefore an appropriately filed motion to alter or amend under Fed. R. Civ. P. 59(e). *See Banister v. Davis*, 590 U.S. 504, 521 (2020) ("A Rule 59(e) motion, unlike a Fed. R. Civ. P. 60(b) motion, does not count as a second or successive habeas application.").

Mr. Brown argues that the Court "erred in denying Petitioner's claim of actual innocence by the way of self-defense." ECF 18 at 1. The Court disagrees. First, Mr. Brown never made a claim for "actual innocence," either as a substantive claim or as an excuse for procedural default. *See* ECF 1; ECF 13; ECF 15. Even if he had, however, neither claim would have been successful. The Supreme Court has never held that habeas relief extends to freestanding claims of actual innocence. *Herrera v. Collins*, 506 U.S. 390, 404-405 (1993). Even if such a claim were cognizable, such a claim would fail here because "actual innocence" means factual innocence, not mere legal insufficiency, *Bousley v. United States*, 523 U.S. 614, 623 (1998), and claims of self-defense implicate legal, not factual, innocence. *See Craft v. Jones*, 435 F. App'x 789, 792 (10th Cir. 2011). As for Mr. Brown's defaulted claim, the Court evaluated its merits and found no ground in which to grant relief even if the default had been excused through actual innocence. ECF 16 at 20-21.

Mr. Brown also argues that the Court "misapplied Maryland's self-defense law." ECF 18 at 3. A federal habeas court is bound by the provisions of the Antiterrorism and Effective Death Penalty Act ("AEDPA"). Pub. L. No. 104-132, 110 Stat. 1214 (1996). AEDPA restricts federal habeas relief to very narrow circumstances and requires the court to defer to the reasonable conclusions of the state courts. *See* 28 U.S.C. § 2254(d). As explained in the Memorandum Opinion, ECF 16 at 18, "[i]t is beyond the mandate of federal habeas courts . . . to correct the interpretation by state courts of a state's own laws." *See Sharpe v. Bell*, 593 F.3d 372, 383 (4th Cir. 2010). The circuit court in Mr. Brown's case determined that Maryland law did not require a jury instruction on the castle doctrine, and it is not within this Court's purview to disturb that conclusion.

Mr. Brown's Motion for Summary Judgment (ECF 22), construed as a supplemental memorandum in support of his Motion for Reconsideration, argues the facts of his case, his assertion of self-defense, and reiterates his position that a castle doctrine instruction was appropriate. *Id.* at 6. "The role of a federal habeas court is to guard against extreme malfunctions in the state criminal justice systems, not to apply *de novo* review of factual findings and to substitute its own opinions for the determinations made on the scene by the trial judge." *Davis v. Ayala*, 576 U.S. 257, 276 (2015) (internal quotation marks and citations omitted). Therefore, § 2254 "is not to be used as a second criminal trial, and federal courts are not to run roughshod over the considered findings and judgments of the state courts that conducted the original trial and heard the initial appeals." *Williams v. Taylor*, 529 U.S. 362, 383 (2000); *see Walters v. Martin*, 18 F.4th 434, 441 (4th Cir. 2021). The habeas court may not disturb a state court judgment "absent an error that lies beyond any possibility for fairminded disagreement." *Mays v. Hines*, 592 U.S. 385, 386 (2021); *see Walters*, 18 F.4th at 441.

Mr. Brown disagrees with the jury's decision to reject his claim of self-defense and this Court's denial of his habeas petition. But, he has not identified how the Court committed a "clear error of law" or the presence of any circumstance for which a motion for reconsideration may be granted under Rule 59. Thus, the Court must decline Mr. Brown's second invitation to reject the wisdom of the state court's application of state law to his case.

Accordingly, this 23rd day of May, 2025, by the United States District Court for the District of Maryland, hereby ORDERED:

1. Petitioner's Motion for Reconsideration of Denial of Habeas Corpus (ECF 18) is DENIED;

2. Petitioner's Motion for Summary Judgment (construed as a memorandum in support of Motion for Reconsideration) (ECF 22) is DENIED;

3. The Clerk SHALL PROVIDE a copy of the foregoing Order to Petitioner; and

4.  The Clerk SHALL CLOSE this case.


                                            /s/
                                   Ellen L. Hollander
                                   United States District Judge